**HUMPHREY et al. v. HARRELL et al.**

No. 1385—5562.

Commission of Appeals of Texas, Section A.
June 25, 1930.

Adams & McAlister, of Nacogdoches, and Adams & Hamilton, of Jasper, for plaintiffs in error.

Smith & Lanier, of Jasper, for defendants in error.

SHARP, J.

On the 1st day of February, 1926, in cause No. 9639, pending in the district court of Cherokee county, Tex., a judgment was rendered in favor of the Citizens' National Bank of Rusk against V. G. Beckham, D. C. Humphrey, John Bean, and Charlie Martin. The Citizens' National Bank transferred this judgment to H. F. and G. D. Lanier. After the term of the court in which the judgment was rendered had expired, the defendants Humphrey, Bean, and Martin filed a petition on the 26th day of March, 1926, asking that the judgment entered on the 1st day of February, 1926, be set aside and same stand for trial upon its merits. At the same time a writ of injunction was granted restraining the plaintiff from collecting the judgment. It is alleged that the judgment rendered was by default and that the defendants Humphrey, Bean, and Martin had employed an attorney to represent them in that cause, but, on account of sickness, the attorney overlooked filing an answer for defendants, and that, through no fault of theirs, the judgment was entered against them, and that they had a meritorious defense to plaintiffs' cause of action. The district judge set aside the judgment rendered in cause No. 9639 on February 1, 1926, and from that judgment Harrell et al. appealed to the Court of Civil Appeals of the Sixth Supreme Judicial District at Texarkana, and the judgment was by the court reversed and remanded. 292 S. W. 920. Upon a second hearing the district court refused to set aside the judgment entered February 1, 1926. By agreement of all parties the case was transferred to the district court of Nacogdoches county where it was tried on the 24th day of October, 1928. The case was tried before the court without a jury, and, upon the conclusion of the testimony, the trial court overruled the contentions made by Humphrey, Bean, and Martin and entered judgment therein, placing in full force and effect the judgment theretofore rendered on February 1, 1926. Humphrey, Bean, and Martin appealed to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont, and the judgment of the trial court was affirmed. 19 S.W.(2d) 410. We refer to the opinions of the Courts of Civil Appeals rendered in this case for a more detailed statement of the nature of this case. A writ of error was granted.

As is shown by the record, this is a suit by Humphreys, Bean, and Martin in cause No. 6891, which was transferred to and is now pending in the district court of Nacogdoches county, Tex., to set aside a judgment by default rendered in cause No. 9639, dated February 1, 1926, in favor of the Citizens' National Bank against Beckham et al., rendered in the district court of Cherokee county. The judgment rendered in cause No. 9639 was transferred by the Citizens' National Bank to H. F. and G. D. Lanier. The judgment entered in said cause is regular upon its face. The term of the court at which the foregoing judgment was rendered had expired. Cause No. 6891 instituted by D. C. Humphrey et al. against S. M. Harrell et al., to set aside the foregoing

judgment, was tried before the court without a jury, and, after the conclusion of the testimony, the court, on the 24th day of October, 1928, entered judgment reciting, among other things, that the case by agreement had been set for trial, and that plaintiffs and defendants appeared in person and by their respective attorneys. The judgment entered further reads as follows:

"A jury being waived, all matters of law as well as fact were submitted to the Court, who after hearing the pleadings read, evidence introduced and argument of counsel thereon, is of the opinion that plaintiffs, D. C. Humphrey, John Bean and Charlie Martin, are not entitled to the relief prayed for in their original petition filed in this cause.

"It is, therefore, considered by the Court, and so ordered, adjudged and decreed, that the Plaintiffs, D. C. Humphrey, John Bean and Charlie Martin, be and they are hereby denied the relief prayed for in said petition wherein they seek to set aside a certain judgment rendered in cause No. 9639 in the District Court of Cherokee County, Texas, as pleaded in their original petition and that said judgment rendered in said cause No. 9639, wherein the Citizens State Bank of Rusk, Texas, is Plaintiff, and V. G. Beckham, et al., are Defendants, be and the same is hereby declared a valid and subsisting judgment.

"It is further ordered, adjudged and decreed by the Court that the injunction issued on the 26th day of March, A. D. 1926, in this cause, be and the same is hereby in all things dissolved."

■ The plaintiffs Humphrey et al. introduced testimony tending to show that they had employed an attorney to represent them in cause No. 9639, above described, wherein they are defendants, and, on account of sickness, he overlooked it, and failed to file an answer for the defendants in that suit and represent their interests, and judgment by default was rendered in favor of the plaintiffs in that suit. No testimony other than the petition filed by plaintiffs in cause No. 6891, herein described, setting up their cause of action, was introduced upon their plea of a meritorious defense to the original suit filed against them and upon which judgment was rendered. No findings of fact or conclusions of law were filed by the trial court and none requested. It is to be presumed that in support of such judgment all facts were found in favor of same which have any support in the evidence.

■■ The rule is well established in this state that, in order to permit the defendants in this suit to set aside the judgment by default rendered herein after the term of the court in which it is rendered has expired, the burden rests upon the defendants to allege and prove the following requisites:

(a) That the defendants were prevented from presenting their defense by fraud, mistake, or accident, and without any want of proper diligence on their part.

(b) That they have a meritorious defense.

While the pleadings filed by Humphrey et al., as plaintiffs in cause No. 6891 to set aside the default judgment rendered in Cause No. 9639, contain the requisites in the foregoing rule, yet the proof offered merely applied to the first requisite. The fact that plaintiffs introduced their petition did not meet the requirement of the rule stated, and the trial court correctly held that they were not entitled to the relief prayed for.

■■ It has long been the settled rule in this state that the trial court is without power to grant a new trial after the expiration of the term at which the judgment assailed is rendered. The law has provided rules for new trials at the term at which a judgment is rendered, and, if a party has not availed himself of his legal remedy in a manner prescribed by law, it is lost. However, if it can be shown under certain circumstances where there has been fraud, accident, or mistake, and a person has been deprived of his rights through no fault of his own, courts of equity in the due exercise of their discretionary powers may grant relief by retrying the case upon its merits, and the former judgment may be set aside and such relief will be granted as is appropriate and warranted by pleading and proof on the entire case. Mussina v. Moore, 13 Tex. 8; Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117; Overton v. Blum, 50 Tex. 417; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870; Robbie v. Upson (Tex. Civ. App.) 153 S. W. 406; Kruegel v. Carr, 58 Tex. Civ. App. 449, 124 S. W. 723 (writ refused).

■ The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding. Roller v. Wooldridge, 46 Tex. 485; Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003, 1005 (writ of error denied); Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679; Reed v. Runion (Tex. Civ. App.) 269 S. W. 449; Bell v. Cobb (Tex. Civ. App.) 296 S. W. 976; Barton v. Montex Corp. (Tex. Civ. App.) 295 S. W. 950; Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887; Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254.

In the case of Overton v. Blum, 50 Tex. 417, the Supreme Court held in that case that it is regarded as a settled rule in this state that a new trial is never granted in fact after the adjournment of the term of the court at which the judgment is rendered, but held: "It is not to be questioned that when a judgment has been obtained by fraud, mistake, or accident, and without any want of proper diligence on the part of the party against whom it is rendered, the District Court, in the exercise of its equitable powers, may grant relief by reexamining the case on its merits, and granting such relief as equity and justice may demand and require."

In the case of Owens v. Foley, supra, it is said: "The universal practice is to require the plaintiff in such an action to set up, not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original action and render such a judgment as will be an effective substitute for the judgment set aside. Overton v. Blum, 50 Tex. 424; Roller v. Wooldridge, 46 Tex. 485; Taylor v. Fore, 42 Tex. 256."

In the case of Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254, 255, it was held, in effect, that, where one is seeking by equitable proceedings to set aside a default judgment which recites facts showing jurisdiction as to service, although no actual service was had, the party complaining must, in addition to showing that fact, also allege and prove a meritorious defense to the suit or judgment before he would be entitled to the relief sought, and Justice Greenwood, in rendering the opinion of the Court in that case, states the rule prevailing in this state as follows:

"Courts of equity do not sit to remedy injuries wholly technical and insubstantial.

"In the early decision of Witt v. Kaufman, 25 Tex. Supp. 386, in a proceeding to enjoin the execution of a judgment of a justice of the peace, which was declared void as against one over whose person the court had not acquired jurisdiction, it was said:

" 'But the court, having obtained cognizance of the case for one purpose, would retain it for the further purpose of doing full and complete justice between the parties, and would give judgment for the plaintiff upon the cause of action on which the judgment of the justice was rendered, if, upon the merits, the plaintiff was entitled to judgment. Such is the practice as settled by the decisions of this court.'

"The rule is shown to be founded on common sense and reason by the opinion of Chief Justice Roberts in House v. Collins, 42 Tex. 493, stating that it would be useless for a court of equity to set aside one judgment when the principles of equity would require another adjudication of like import."

For the reasons herein stated, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.