## HERMANN HOSPITAL ESTATE v. NACH-ANT et al.
### No. 1598—5982.

Commission of Appeals of Texas, Section A.
Dec. 22, 1932.

J. W. Lockett, of Houston, for plaintiff in error.

Ward & Ward, of Houston, for defendants in error.

CRITZ, J.

This suit was originally filed in the district court of Harris county, Tex., on July 28, 1914, by G. H. Hermann, against J. R. Nachant et al., in form of trespass to try title to about 22 acres of land in Harris county, Tex. G. H. Hermann died prior to the trial, and the trustees of Hermann Hospital Estate were properly substituted as parties plaintiffs.

We shall hereafter refer to the trustees as plaintiffs and to Nachant et al. as defendants.

On November 8, 1926, more than twelve years after the suit was instituted, it was dismissed by final judgment duly entered, for want of prosecution.

On January 12, 1927, at a subsequent term of court, plaintiffs filed what they termed a bill of review, but the prayer thereto merely prays for the setting aside of the order of dismissal and the reinstatement of the cause on the docket with the same force as though it had never been dismissed.

On February 3, 1927, defendants answered the above motion contesting the same.

On June 10, 1927, plaintiffs filed what they denominate "Plaintiffs' Amended Bill of Review and Second Amended Original Petition." The prayer thereto in effect prays for the setting aside of the order of dismissal and the trial of the cause on its merits and for general and equitable relief.

On January 18, 1928, the defendants filed their amended answer to the above-amended bill of review. This instrument pleaded to the effort to set aside the judgment of dismissal, and also defended the main cause of action set up by the plaintiffs' bill. Among other defenses, the defendants pleaded not guilty, and also pleaded title to the land in controversy under the three, five, and ten year statutes of limitation.

On July 1, 1927, the district court entered an order, the effect of which is to do nothing

more than grant a new trial and reinstate the cause on the trial docket for disposition on its merits as to the main action. This order was entered after the term of court wherein the order of dismissal was entered had expired. On October 26, 1929, more than two years after the order of July 1, 1927, setting aside the order of dismissal was entered, the district court proceeded to try the bill on its merits, as to meritorious cause of action only, but no further trial and no further order or judgment was had as to the part of the bill which sought to set aside the order of dismissal. In other words, the trial court treated the order of July 1, 1927, as having accomplished the setting aside of the order of dismissal, and reinstating the case just as though it had never been dismissed.

We here copy the following statement from the opinion of the Court of Civil Appeals (35 S.W.(2d) 1097, 1098):

"On the 26th day of October, 1929, the court overruled the general and special demurrers of defendants and proceeded to the trial of the cause on its merits, and, before submitting any issue to the jury selected to try the cause, the court announced the following findings: 'It appears to the court and the court finds that the plaintiffs sued for a tract of land 177 varas wide from North to South by 708 varas long from East to West containing approximately 22.18 acres in the P. W. Rose Survey, and that as a matter of law the plaintiffs have the record title to the Northern 144 varas wide from North to South by 708 varas long from East to West containing approximately 17.66 acres off of the North part of the 22.18 acres sued for, which approximately 17.66 acres plaintiffs are entitled to recover unless defendants have acquired title by five years limitation to that part thereof within defendants' enclosure, which enclosure includes approximately 14.96 acres of the South part of said 17.66 acres, and the court further finds as a matter of law that the defendants have the record title to 36 varas wide from North to South by 708 varas long from East to West, and including approximately 4.51 acres of the South part of the approximately 22.18 acres sued for, which approximately 4.51 acres defendants are entitled to recover, and the court finds that there is an issue of fact as to whether the defendants are entitled to recover by limitation the approximately 14.96 acres, being 708 varas long from East to West by 116 varas wide from North to South at its East end, and 122 varas wide from North to South at its West end, and being off of the South side of the 17.6 acres aforesaid, and North of and adjoining the 4.51 acres aforesaid, and the court decided to submit such issue of fact to the jury.'

"Having so found, the court submitted to the jury the sole and only question as to whether or not defendants had acquired title to the 14.96 acres mentioned by the statute of limitation of five years.

"In answer to the question submitted, the jury found that defendants and those under whom they claim had been in peaceable, adverse, and continuous possession of said 14.96 acres of land; that they had cultivated, used, and enjoyed the same, paying taxes thereon and claiming under deeds duly registered, for a period of five consecutive years prior to the 28th day of July, 1914.

"Upon such findings of the court and the verdict of the jury, judgment was rendered in favor of defendants for the 4.51 acres mentioned in the court's findings and the 14.96 acres involved in the findings of the jury, aggregating 19.47 acres, which were described in the decree by metes and bounds, and in favor of plaintiffs for the 2.71 acres mentioned in the court's findings, which is also described by metes and bounds in the decree."

The plaintiffs appealed from the above judgment to the Court of Civil Appeals, which court in all things affirmed the judgment of the district court. 35 S.W.(2d) 1097. The trustees bring error.

We refer to the opinion of the Court of Civil Appeals for further statement of the case.

■ A judgment of a trial court which finally and completely dismisses a case pending therein finally disposes of it, and is therefore a final judgment. Green v. Green (Tex. Com. App.) 288 S. W. 406.

■ A trial court is without power to grant a new trial, as such, after the expiration of the term at which a final judgment has been entered. This is so because the law provides only for the granting of new trials at the same term of court at which the final judgment was entered. It follows that a litigant loses this right if he fails to avail himself of his statutory remedy to obtain a new trial at the same term of court at which the judgment was rendered. Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963.

■ The remedy by bill of review has been provided to review judgments after the expiration of the term at which they were rendered only in cases where litigants, through no fault of their own, have been deprived of valid defenses or meritorious causes of action by fraud, accident, or mistake. By this proceeding a trial court may exercise its discretionary equity powers and grant relief by trying the entire bill in one proceeding or trial, wherein the right to set aside the former judgment and the issues of meritorious cause of action or defense are disposed of in one final judgment. In other words, a bill of review is an independent suit filed in a court of competent jurisdiction, and cannot be disposed of in sections by trying the issue of setting aside the original judgment in one proceeding or trial and the issue of meritorious cause of action or defense in

another such proceeding or trial. There must be but one trial and one judgment. Humphrey v. Harrell, supra. We here refer to Judge Sharp's opinion in the Humphrey Case, supra, for full discussion and citation of authorities regarding the question above discussed.

■ It is clear that the order of July 1, 1927, setting aside the final judgment of dismissal theretofore entered on November 8, 1926, was nothing but an order attempting to grant a new trial entered without authority of law, and in violation of the rules we have above announced. It follows that the order of dismissal entered on November 8, 1926, still stands undisturbed.

The defendants have not presented the above matters by any application for a writ or assignment of error in this court. They did present the same to the Court of Civil Appeals. We think it proper to refer to it in view of another trial of this cause.

We now come to consider the assignments of error contained in the plaintiffs' application for the writ.

The trial court submitted but one issue to the jury, which was whether defendants had acquired title to 14.96 acres of the 22 acres sued for under the five-year statute of limitation. The acquisition of title to land under the five-year statute of limitation is' defined by article 5509, R. C. S. 1925. That article reads as follows: "Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after cause of action shall have accrued, and not afterward. This article shall not apply to one in possession of land, who deraigns title through a forged deed. And no one claiming under a forged deed, or deed executed under a forged power of attorney shall be allowed the benefits of this article."

■ A reading of the above statute shows that the payment of taxes is an absolute prerequisite to the acquisition of title to land thereunder. Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1026.

■ Where the taxpayer pays taxes on one survey, he cannot apply such payments to land on another survey for the purpose of sustaining title under the five-year statute of limitation, and this even though such payments were made by mistake. Dutton v. Thompson, supra; Conn v. Houston Oil Co. (Tex. Civ. App.) 218 S. W. 137.

The record before us shows that defendants paid taxes on land on lots 22 and 21, Blount subdivision of the P. W. Rose survey. In this connection the tax receipts show that for one year in question the defendants paid on land on lots 22 and 21, and the tax receipts for the other years show that the defendants paid taxes on land on lot 22 and the north one-half of lot 21.

As we understand this record, the trial court found that the 14.96 acres in dispute was no part of lots 22 and 21, supra. We further understand that the trial court, in effect, found that the plaintiffs are the record owners of the 14.96-acre tract. It follows that one of the absolute essentials of a title under the five-year statute of limitation is lacking as to defendants. Such essential is the payment of taxes.

The Court of Civil Appeals holds (35 S.W. (2d) 1097, 1101):

"It is shown that appellants were the record owners of lot 14, which lies just north of and contiguous to lots 21 and 22. It is shown that said lots' are wholly within the P. W. Rose survey. It is shown that, in a controversy between one McIver, who owned land bordering on the north boundary of the Freeling survey, same being the south line of the Rose survey, as to where such boundary was located, it was agreed that such division line was some 136 or more varas north of where appellants contend the south boundaries of lots 21 and 22 are located, and that such agreed boundary was established in a suit between Hermann and McIver as an agreed line. It is shown that, beginning on such agreed line, the calls in the deeds under which appellees, hold, for 620 varas north as the length of the east and west lines of lots 21 and 22, and thence 708 varas east the width of the two lots, would include the 14.96 acres involved in this suit.

"The witness W. H. Parker testified that under the direction of Hermann he built for Hermann a fence along the agreed line above mentioned; that Hermann then recognized the agreed line as the south line of the Rose survey.

"In view of the facts stated, we think the description of the land as made in the deeds under which appellees hold, which were duly recorded, was amply sufficient to give notice to Hermann that appellees, and those under whom they claim, were claiming and occupying the land involved adversely to Hermann.

"We also think that the description of the land as given in the assessment of taxes made by appellees was sufficient to give notice to the world what land was being assessed."

We disagree with the above holding as applied to the payment of taxes. It is true that this record is sufficient to show that defendants had had adverse possession of this land for more than five years preceding the institution of this suit. In fact, plaintiffs do not controvert this. The Court of Civil Appeals holds and finds, in effect, that defendants so held possession of such land under a duly registered deed which described it with sufficient certainty to identify it and put G. H. Hermann on constructive notice of the fact that such deed purported to convey

this land. We do not disturb such holding or finding. In spite of this all the requirements of the statute to perfect limitation title were not met because defendants did not pay taxes on the land in question during such time. In this connection we hold that payment of taxes by the defendants on land on lots 22 and 21 of the Rose subdivision could not operate to perfect title by five-year limitation to land not on such lots, and this even though it be admitted that Hermann, who held the record title to this land, made the boundary agreements with McIver above shown, and built a fence on the boundary lines so agreed on. In this connection we wish to say that, as we understand this record, the McIver tract is not any part of the land here involved.

We recommend that the judgments of the Court of Civil Appeals and district court be in all things reversed, and the cause remanded to the district court.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.