## JOHN E. QUARLES CO. v. LEE et al.

### No. 1640—6070.

Commission of Appeals of Texas, Section A. March 15, 1933.

Charles Kassel and Melvin F. Adler, both of Fort Worth, for plaintiff in error.

W. J. Rutledge, Jr., of Dallas, for defendants in error.

CRITZ, Judge.

The John E. Quarles Company filed this suit in the district court of Tarrant county, Tex., on May 16, 1922, against Bob and Hub Lee, who were alleged to reside in Dallas county, Tex., to recover $920.85, alleged to be due such company for certain building material furnished by it to Bob Lee, and alleged to have been used in the repair and improvement of a tract of 123 acres of land

in Dallas county, owned by Hub Lee. It was alleged that there was an agreement between the two Lees under which Bob Lee should have an interest in the land, although the legal title to the land remained in Hub Lee, and that by reason of the matters set forth it had a materialman's lien under the Constitution and statutes of this state. The Quarles Company then prayed for judgment for its debt and establishment and foreclosure of its alleged lien.

On August 7, 1922, which was in due time, the two Lees filed their pleas of privilege in due and legal form claiming the right to be sued in Dallas county, Tex., the county of their residences, and the county where the land in controversy is located. So far as shown by the record, the Quarles Company never at any time filed any controverting affidavits to the above pleas of privilege, and no action was ever taken on such pleas; but on July 13, 1925, the district court entered the following order of dismissal:

"The following styled and numbered cause having been heretofore peremptorily set by the Court, and having been regularly reached and called for trial, neither the respective plaintiffs or defendants appeared.

"It is therefore ordered, adjudged and decreed that same be and is hereby dismissed for want of prosecution at plaintiffs' cost:

"No. 60272, Jno. E. Quarles Co. vs. Bob Lee, et al."

On March 1, 1926, at a subsequent term of court, the Quarles Company, by its attorney of record, filed in the district court the following motion:

"Now comes plaintiff and moves the Court to set aside and hold for naught the order heretofore entered in this cause dismissing the same for want of prosecution, and as ground for such motion says; that the same was entered by the Court through clerical error, the entry having been intended that at the time said cause was dismissed its counsel called the attention of the Court to the fact that a plea of privilege was pending in said cause and furthermore, that effort at settlement was being made and would probably be consummated, and requested that the suit be not dismissed, which request the Court verbally granted, and that the entry of the order of the dismissal for want of prosecution was manifestly intended for some other case.

"Wherefore plaintiff prays that said cause be reinstated upon the docket of this court."

On March 15, 1926, the trial court, in response to the above motion, entered the following order: "On this day came on to be heard the motion of the plaintiff to re-instate this cause, and it appearing that the dismissal herein entered for want of prosecution was entered through inadvertence and that said motion should be granted, it is accord-ingly ordered that this cause be, and the same is hereby reinstated upon the docket of this Court."

So far as shown by the record, nothing further occurred in this case until June 12, 1929, when the following order was entered by the district court: "Now comes plaintiff, John E. Quarles Co., by its attorney, and the said Bob Lee and Hub Lee come not; and hereupon the said John E. Quarles Co. in open court suggests to the court and gives the court to understand and be informed that during pendency of this suit the said Bob Lee and Hub Lee have both died. It is therefore Ordered that writs of scire facias do issue to Louisa Lee, widow of Bob Lee; Bettie Lee, widow of Hub Lee; Emanual Blue, Viola Blue, Luella Henderson and her husband, Walter Henderson, who is herein joined pro forma—the said parties being the heirs of the said Bob Lee and Hub Lee, requiring them to appear and defend the said suit."

On June 12, 1929, the same day the above order was entered, writs of scire facias were duly issued on the above order, and these several writs were duly served on the persons named as heirs of Bob and Hub Lee in the above order. Service seems to have been had on all such persons during the month of June. 1929. None of the persons served by such writs ever answered or appeared in any manner in the district court. On January 4, 1930, a judgment by default was rendered for the Quarles Company against the persons named in the above order of June 12, 1929, as heirs of Bob and Hub Lee, foreclosing a lien on the land described in the original petition of the Quarles Company, for $920.85, with 6 per cent. interest. No personal judgment was taken. The heirs named in the order of June 12, 1929, supra, and named in the final judgment, prosecuted a writ of error to the Court of Civil Appeals, which court reversed the judgment of the district court and dismissed the case. 39 S.W.(2d) 947. The Quarles Company brings error.

The Court of Civil Appeals holds that the trial court committed error by entering the order of March 15, 1926, reinstating this cause on its docket, after it had entered the order of July 13, 1925, at a previous term finally dismissing the suit. In this connection the Court of Civil Appeals holds that the judgment of dismissal was a final judgment, and the court was without jurisdiction to set it aside and restore the case to its docket on a mere motion after the term of court at which it was entered had expired. We think the above ruling is error as applied to this case. It is true that a judgment of a trial court which finally and completely dismisses a case is a final judgment. Hermann Hospital Estate v. Nachant (Tex. Com. App.) 55 S.W.(2d) 505. It is also true that a trial court is without power to grant a new trial,

as such, after the expiration of the term of court at which a final judgment has been entered. Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Hermann Hospital Estate v. Nachant, supra.

Notwithstanding the above rules, we think it is the settled law of this state that a judgment of a court is what the court pronounces. The rendition of a judgment is a judicial act by which the court settles and declares upon the matter at issue. The entry of the judgment is the ministerial act by which an enduring evidence of the judicial act is afforded. A court has inherent judicial power to make its records speak the truth as to what the court has actually done. Under this rule the courts of this state have uniformly held that a court may correct a clerical error, but not a judicial error, after the term of court has expired. In support of the above rules we cite the following authorities: Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Arrington v. McDaniel, 119 Tex. 148, 25 S.W. (2d) 295; O'Neil v. Norton (Tex. Com. App.) 33 S.W.(2d) 733.

From the record before us it appears that the district court never rendered a judgment dismissing this cause, and never intended to do so. In fact, it had no jurisdiction to do so, as will later appear. It further appears that the entry of the purported judgment of dismissal was a mere clerical error. Such being the case, the court had power or jurisdiction, at a subsequent term of court, to make its records speak the truth. It follows that the district court committed no error in entering the order reinstating the cause. This last order merely made his records speak the truth. If the court had in fact rendered the judgment of dismissal at a time when he had the power to do so, and was attempting to correct a supposed judicial error in setting it aside, a different rule would apply. Hermann Hospital Estate v. Nachant, supra.

■ As we understand this record, Bob and Hub Lee, during their lifetime, and after they were served with citation in this cause, duly and seasonably filed their pleas of privilege to be sued in a court of competent jurisdiction in Dallas county, Tex. The Quarles Company never filed any controverting affidavits to these pleas. Bob and Hub Lee never filed any other pleadings in the case, and never otherwise appeared, or waived their pleas of privilege. It is true they did not present their pleas of privilege to the trial court. It was not necessary for them to do so. Under such a record, the trial court had no jurisdiction to enter any final judgment or any judgment in this cause, except to transfer the case to Dallas county. Article 2007 and 2008, R. C. S. 1925; Broach & Son v. W. L. Ellis & Co. (Tex. Civ. App.) 278 S. W. 243; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Brooks v.

Wichita Mill & Elevator Co. (Tex. Civ. App.) 211 S. W. 288.

■ Our statute, article 2080, R. C. S. 1925, provides in effect that where the defendant shall die, upon the suggestion of such death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator, executor, or heir, requiring him to appear and defend the suit, and upon the return of such writ, the suit shall proceed against such administrator, executor, or heir.

At common law a scire facias is generally defined as a judicial writ, as distinguished from an original writ, founded on some matter of record. It is also the name used to designate both the writ and the whole proceeding, founded upon some public record. 56 C. J. 866, § 1. In some cases, however, a scire facias may be said to have many qualities of an original writ, and sometimes it partakes of the nature of a writ of summons. Such writs are divided into two general classes, (a) where it is a continuation of some prior proceeding; and, (b) where it is an original proceeding. When we come to examine the scire facias proceedings in this case in the light of article 2080, supra, we are convinced that they amount to nothing more than an attempt to continue a prior proceeding or suit by substituting, by mere court order and summons, the heirs of the deceased defendants as defendants, and this at a time when the court ordering such proceedings had no jurisdiction to do so, as will later appear.

It appears from the statements we have made that after Bob and Hub Lee filed their pleas of privilege to be sued in Dallas county, Tex., and after the Quarles Company had failed to controvert such pleas, and while the district court had no jurisdiction in the case except to change the venue to Dallas county, Bob and Hub Lee died. Thereupon, without filing any additional pleadings, the Quarles Company appeared in open court, and, we presume orally, suggested the deaths of Bob and Hub Lee. The district court then ordered the judicial writs of scire facias to issue to the suggested heirs, and, after the service of such writs, and without any further pleadings by any of the parties, proceeded to enter a default judgment of foreclosure against the heirs of Bob and Hub Lee. Under such a record the entire scire facias proceeding was erroneous. This is evident because at the time it was begun the court only had jurisdiction to change the venue.

We recommend that the judgments of the Court of Civil Appeals and the district court be both set aside and reversed, and that judgment be here entered reversing the judgment of both lower courts and remanding this cause to the district court for further proceedings in accordance with this opinion.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.