### HILL v. LESTER et al.
### No. 11739.

Court of Civil Appeals of Texas. Dallas.
March 10, 1934.

Lyle Saxon, of Dallas, for appellant.

R. G. Storey and E. Taylor Armstrong, both of Dallas, for appellees.

LOONEY, Justice.

This action is in the nature of a bill of review by appellees to set aside a judgment against them in favor of appellant for $2,000 and interest, and to retry the original case on its merits. Injunction was sought and obtained, restraining Hill and the sheriff of Rusk county from selling certain lands levied upon as the property of appellees under an execution issued on the judgment, also forbidding the issuance of other process on the judgment until further orders of court. Appellant's answer included exceptions, general and special denials, praying that the temporary writ be dissolved, and that appellees take nothing by the suit. After overruling exceptions, the motion to dissolve, and hearing evidence as to the merits, the court rendered the following judgment:

"It is therefore ordered, adjudged and decreed by the Court that the judgment in cause No. 89198-D, styled J. L. Hill v. W. V. Lester, Nimrod Oil Company and Trico Oil Company, pending in this Court, be and the same is hereby in all things set aside, cancelled and held for naught and a new trial granted.

"It is further ordered, adjudged and decreed by the Court that the temporary injunction and restraining order heretofore issued against J. L. Hill and Geo. B. Hays, Sheriff of Rusk County, defendants herein, be and the same is hereby in all things continued in effect until otherwise ordered by this Court, and defendants and each of them are enjoined and restrained from issuing any execution and/or order of sale upon said judgment herein set aside until the retrial of cause No. 89198-D."

Appellant excepted, in open court gave notice, and in due form attempted the perfection of appeal.

We are confronted at the threshold with a forbidding jurisdictional question. It is now definitely settled that a review case cannot be properly tried piecemeal, that is, one trial to determine whether the original judgment shall be set aside, the other to determine the merits of the controversy, but that every issue arising on each branch of the suit must be disposed of on one trial, and the relief sought either granted or denied. See Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Wear v. McCallum, 119 Tex. 473, 33 S.W.(2d) 723; Winters Mut. Aid Ass'n v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095; Hermann Hospital Estate v. Nachant (Tex. Com. App.) 55 S.W.(2d) 505.

The order of the court was interlocutory and not final, in that it resulted from the trial of a part only of the review suit, hence was not appealable (McVey v. McVey [Tex. Civ. App.] 230 S. W. 781); it follows, therefore, that the original judgment and status of the review suit remain undisturbed. See Wear v. McCallum and Hermann Hospital Estate v. Nachant, supra.

In a cross-assignment, appellees insist that, since they sought general relief, that is, to set aside the original judgment and retry the controversy on its merits, and since evidence was heard on these issues, the court erred in not also adjudging that appellant take nothing in the original suit, and that we should render such judgment as the court below should have rendered.

The cross-assignment cannot be considered, for several reasons. The privilege granted an appellee to file cross-assignments of error under rule 101 for district and county courts necessarily comprehends the pendency of an appeal over which the appellate court has jurisdiction; again, the assignment is not based upon an exception to the action of the trial court refusing to dispose of the case on its merits, therefore is wholly without foundation. See 3 Tex. Jur. p. 874, § 609; Godshalk v. Martin [Tex. Civ. App.] 200 S.W. 535, 537;

Garity v. Halbert [Tex. Civ. App.] 235 S. W. 231, 235. That the basis of the cross-assignment is a second thought is revealed by an excerpt from appellees' brief; they say: "It was the theory of both parties in this case, as reflected by the pleadings and judgment, that only the original judgment be set aside and an injunction granted against the issuance of execution, but since appellant has sought under his eleventh proposition to raise the question of the invalidity of the judgment rendered by the trial court, the appellees are urging, under their cross-assignment and counter propositions, that the judgment of the trial court be reformed by this court, in order to dispose of all of the issues raised by appellees in their first amended original petition."

The appeal is dismissed, but without intending to disturb the status quo of the review suit, and without prejudice to the right of appellees to proceed in the manner here indicated to the final trial and disposition of the entire controversy.

 It appearing that both parties labored under the idea that the case could be tried piecemeal and that neither is responsible more than the other for the failure of the court below to render a final judgment, the cost of appeal will be equally divided between the parties and taxed accordingly, for which execution may issue, and it is so ordered.

Appeal dismissed.