### SMITH v. POPPE.

No. 9921.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1937.

Rehearing Denied March 24, 1937.

McCloskey & Wasaff, of San Antonio, for appellant.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellee.

SMITH, Chief Justice.

The case has taken a sinuous and precarious course from a justice of the peace court to this court, where it now hangs upon such a fine balance as to baffle ready decision.

The case was originally brought in a justice of the peace court, under No. 48,338, in behalf of Emil Douglas Smith, a minor, by his father, D. W. Smith, as next friend, against T. E. Poppe, for personal injuries alleged to have been sustained by the minor through Poppe's negligence. The action was one in the nature of a friendly settlement, evidenced by an agreed judgment, as provided by statute. Article 1994, subd. 2, R.S.1925. The judgment was against Poppe, in favor of D. W. Smith, individually, and of the minor, for $100 each. The judgment was rendered on November 20, 1931, and became final, and its provisions were then and there fully performed by payment of the sums awarded the plaintiff, and of the costs. The proceeding appears to have been regular.

Nearly three years later, on July 25, 1934, the minor, by Annie Smith, her guardian, brought, in the same court, a new and independent suit, No. 54308, purporting to be in the nature of a bill of review, to set aside the former judgment, upon the ground that it was procured through Poppe's fraud upon the minor, by way of misrepresenting and minimizing the true nature and extent of the minor's injuries. The suit was purely one to set aside the former judgment; it was simply, and in effect, nothing but a motion for new trial, since it contained no pleading or prayer for final judgment. On December 31, 1934, the justice of the peace entered an order, in accordance with the prayer, that the former judgment be set aside.

Thereafter, on May 29, 1935, upon motion made in behalf of the minor, upon the ground that he would "no longer prosecute this suit," the justice of the peace entered an order dismissing the original suit, No. 48338, at the cost of the minor.

From that order of dismissal, Poppe appealed to a county court at law, in which the case was tried on its merits, by a jury, and on the jury findings judgment was rendered that the minor take nothing. The minor, through his guardian, has brought this appeal in this court.

■ We will first consider the question of the effect, if any, of the order entered by the justice of the peace, in No. 54308, setting aside the final judgment entered at a former term in No. 48338. It is now well settled that in a bill of review proceeding the plaintiff must not only show a valid excuse for not moving for a new trial during the term at which the judgment complained of was rendered, but he must go further and show a meritorious cause of action, or defense, which would have entitled him to a different relief than that accorded him in the original suit. 17 Tex.Jur. p. 31, § 28; 25 Tex.Jur. pp. 655, 658, §§ 235, 236; Hermann Hospital Estate v. Nachant (Tex.Com.App.) 55 S.W.(2d) 505; Hubbard v. Tallal (Tex.Com.App.) 92 S.W.(2d) 1022; Humphrey v. Harrell (Tex.Com.App.) 29 S.W.(2d) 963.

■ So is it well established that both such counts in a bill of review, that is to say, the counts showing diligence, and meritorious cause or defense, must be presented, heard, and determined, not by piecemeal, but, at the same time, in one trial, and adjudicated in one and the same final judgment. See authorities cited above, and 25 Tex.Jur. pp. 646, 671, §§ 229, 245.

These rules have been declared and enforced to the extent of holding that an order which attempts to dispose of a bill of review by setting aside the former judgment without proceeding at the same time to render final judgment is ineffectual, and leaves the former judgment "standing undisturbed." Hermann Hospital Estate v. Nachant, supra.

Applying those rules to the record presented here, the order of the justice of the peace court setting aside the final judgment rendered at a former term, without at the same time disposing of the main controversy between the parties, was ineffectual, and the original judgment on the merits therefore "still stands undisturbed." This conclusion brings up the question of the effect of the order of the justice of the peace dismissing the original suit from that court, which order is the basis of this appeal.

■ It is obvious that appellant's pleading in this "bill of review" in this case did not meet the requirement of the law. In that pleading he simply alleged that the

former judgment was fraudulently procured by his adversary, and prayed that it be set aside. His pleading was not a bill of review, but was to all intents and purposes only a motion for new trial, which no court may entertain at a term subsequent to that at which the judgment complained of is rendered.

Therefore, appellant's purported bill of review being nothing but a motion for new trial, offered at a subsequent term, the jurisdiction of the court did not attach to it, or to the action to which it related.

Since the filing and granting of the motion for new trial ·in the justice of the peace court did not give that court jurisdiction over the former judgment, that judgment, and the status of the original suit, remained undisturbed.

And, since that court had lost jurisdiction over that case, and over the judgment rendered therein at a former term, that court had no jurisdiction to entertain or grant the motion of appellant to dismiss the suit, as was attempted to be done.

█ It follows, then, that, as the justice of the peace court had no jurisdiction over the motion to dismiss, the county court at law had no jurisdiction over the appeal from the order of dismissal, and, the county court having no jurisdiction, this court, of course, has none.

Accordingly, the appeal from the justice of the peace court to the county court at law, and from the latter to this court, must be dismissed. The costs of the former appeal will be taxed against appellee, and of the latter against appellant.

Appeals dismissed.

### On Appellee's Motion for Rehearing.

[5] Loose expressions in the original opinion have misled appellee into the conclusion that this court held that a justice of the peace court has no jurisdiction to entertain a bill of review to set aside its former judgment and enter a second judgment in lieu thereof. Such was not our purpose. Justice of the peace courts undoubtedly have such jurisdiction, the same as county and district courts have.

█ What we intended to decide, and what we wish here to reiterate, is that, in a bill of review proceeding no court has the power at one term to set aside a judgment regularly rendered at a former term without at the same time, and in the same action and judgment, again rendering judgment on the merits; that a judgment in such proceeding which merely sets aside the former judgment—merely grants a new trial—without at the same time and in the same decree rendering judgment upon the merits, is a nullity, or, in the language of our Supreme Court, is "ineffectual," and leaves the former judgment "standing undisturbed." Hermann Hospital Estate v. Nachant (Tex.Com. App.) 55 S.W.(2d) 505. Applying that wholesome rule to this case, the judgment in the bill of review proceedings in the justice of the peace court, which purported merely to set aside the former judgment, was ineffectual, and the original judgment still stands, subject to the bill of review pending in that court, and undisturbed by the subsequent proceedings in the litigation.

We make this explanation in deference to appellee's motion for rehearing, which will be overruled.