**BRIDGMAN et al. v. MOORE et al.**

No. 4422.

Court of Civil Appeals of Texas. Beaumont.
Sept. 18, 1947.

Rehearing Denied Nov. 6, 1947.

Motion for Rehearing on Motion for Rehearing Overruled Dec. 10, 1947.

872

O'Fiel & O'Fiel, of Beaumont, for appellant.

Barnes & Barnes, of Beaumont, for appellee.

WALKER, Justice.

This appeal was taken from a nunc pro tunc judgment of the District Court of Jefferson County, rendered on June 21, 1946, in consolidated Cause No. 56,237/56,793 in that court, "for and as of the 3rd day of July, A.D.1942."

This is the second appeal in this consolidated cause. The first appeal was adjudicated in Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, affirming the decision of this court, reported under the same style at, Tex.Civ.App., 180 S.W.2d 211.

We make the following statement from the record as a basis for our judgment:

Causes 56,237 and 56,793 were consolidated by the trial court on June 16, 1942. The plaintiff therein was Mrs. F. W. Bridgman, individually and as administratrix of the estate of Amanda Moore, deceased (Mrs. Bridgman is appellant on this appeal). The defendant in the consolidated cause was W. T. Moore, one of the appellees here. The said W. T. Moore was also cross-plaintiff in a cross-action against Mrs. Bridgman and against two others, H. E. Moore and Mrs. Hattie Nolan. In substance, the consolidated cause involved the conflicting claims of W. T. Moore and Mrs. Bridgman to an undivided ⅛th interest in Tracts 40 and 63 in the David Choate League, in Jefferson County, and to related matters. W. T. Moore asserted title to this undivided ⅛th interest and to the value of certain improvements erected upon the land. Mrs. Bridgman asserted title to all of the land, denied Moore's claim for improvements, and sought recovery from Moore of rentals and damages. The cross-defendants H. E. Moore and Mrs. Nolan had originally owned undivided interests in the aforesaid tracts, as had Mrs. Bridgman, but Mrs. Bridgman acquired the interests of H. E. Moore and of Hattie Nolan before judgment and her title to an undivided ⅞ths of the land was not disputed when judgment was rendered.

The consolidated cause was tried to a jury, beginning on June 16, 1942, the date of the consolidation. The trial court's charge was apparently submitted to the jury on June 19, 1942, and the verdict was returned on June 20, 1942. On July 3, 1942, the trial court rendered judgment (on this verdict and on certain independent conclusions regarding issues which were not submitted to the jury) in behalf of W. T. Moore, decreeing him a recovery of an undivided ⅛th of the land and directing a partition between him and Mrs.

Bridgman, to whom the remaining ⅞ths of the land was adjudged. This judgment also awarded W. T. Moore a recovery of $673.75 from Mrs. Bridgman, for the value of improvements erected on the land by him, and fixed a lien upon Mrs. Bridgman's title to secure the payment of this sum.

Under the terms of Rule 330, Texas Rules of Civil Procedure, this judgment became final 30 days after its rendition, and subsequent to the expiration of this thirty days various motions were filed in the trial court under which the trial court first made an order setting aside the judgment of July 3, 1942, and still later, on September 18, 1942, approved a second judgment which was identical with that of July 3, 1942. We have taken the facts respecting these proceedings after July 3, 1942, from the opinion in Bridgman v. Moore, 183 S.W.2d 705, where the validity of these proceedings was adjudicated and the judgment of September 18, 1942, was held to be void. It is recited in the nunc pro tunc judgment from which the present appeal was taken that the judgment of July 3, 1942, was "signed by the trial judge at his home away from the court house" and that on the Bill of Review to which we refer below "it was found and determined that Plaintiff's counsel and Plaintiff (This Plaintiff is Mrs. F. W. Bridgman) did not know of said entry of said judgment until too late to file a motion for a new trial or to appeal therefrom." These findings are consistent with the facts assumed by the Commission of Appeals on the first appeal, where the Court held that the judgment of July 3, 1942, was irregular but not void, and that plaintiff (Mrs. F. W. Bridgman) must seek relief from that judgment in an independent suit in the nature of a Bill of Review.

Mrs. Bridgman accordingly filed an independent suit in the trial court, towit, No. 58,633, against W. T. Moore and against B. E. Quinn, who had purchased the title of Moore in the meanwhile, alleging among numerous other matters the aforesaid irregularity attending the rendition and entry of the judgment of July 3, 1942, in the consolidated cause, her lack of notice of this judgment and her loss of a right to move

for new trial and to take an appeal from the judgment of July 3, 1942. She prayed that the judgment of July 3, 1942, be set aside, that she have judgment for the land, and for rents, etc., thus tendering for re-determination at least the most important issues raised by her in the consolidated cause. W. T. Moore and B. E. Quinn filed answer, setting up various exceptions, denials and special pleas which need not be described; and on February 15, 1946, after a trial before the court without a jury, the trial court rendered a judgment in behalf of Mrs. Bridgeman against W. T. Moore and B. E. Quinn, setting aside the judgment of July 3, 1942, and the verdict of June 20, 1942, on which that judgment was entered, and awarding Mrs. Bridgman a recovery of title to and possession of all of the land, namely, Tracts 40 and 63 in the David Choate League.

No information respecting this trial of cause No. 58,633 appears in the record before us except as may be inferred from the recitals in the judgment of February 15, 1946, that "matters of fact as well as of law" were submitted to the court, and that the court "heard the pleadings and evidence."

Thereafter defendants Moore and Quinn moved for a new trial in Cause No. 58,633, and on April 27, 1946, the trial court made an order granting this motion, as amended, and setting aside the judgment of February 15, 1946. This order, however, purported to go further and, reciting that a new trial had been had, to set aside the judgment of July 3, 1942, rendered in the consolidated cause; and it must be inferred from the recitations made in the nunc pro tunc judgment appealed from that this part of the order of April 27th was based upon the irregular manner in which the judgment of July 3, 1942, was rendered and entered, and upon the injury resulting therefrom to appellant Mrs. Bridgman. The order closed with a declaration that motions would next be heard in the consolidated cause for the entry therein of judgment nunc pro tunc. The relevant portion of this order reads:

"It is—on this the 27th day of April, A. D. 1946, considered, ordered, adjudged and decreed by the Court that said Amended Motion for a New Trial be and it is hereby sustained insofar as is necessary to grant a new trial, and the judgment of this court rendered and entered herein on February 15, 1946, be and it is hereby set aside and held for naught, and a new trial is granted herein, and upon granting a New Trial herein it is further considered, ordered, adjudged and decreed that the judgment complained of in this Bill of Review, which Judgment was entered on July 3, 1942, in consolidated causes No. 56,237, Mrs. F. W. Bridgman et al. v. W. T. Moore, and No. 56,793, Mrs. Mertie Bridgman v. W. T. Moore, on the docket of this court, be and it is hereby set aside and held for naught; and it is further decreed that in said consolidated causes a Motion or Motions will now be heard on the entry of a judgment on the verdict of the jury nunc pro tunc, which verdict of the jury was filed in consolidated causes No. 56,237 and No. 56,793, Mrs. F. W. Bridgman v. W. T. Moore, on June 20, 1942, signed by Elmer Dawson, foreman."

On June 4, 1946, a motion was filed in the consolidated cause by "the defendants" (presumably W. T. Moore and B. E. Quinn), praying that judgment be entered nunc pro tunc on the verdict returned in that cause on June 20, 1942.

On June 21, 1946, the trial court granted this motion and entered nunc pro tunc the judgment from which this appeal was taken. In legal effect (as regards its provisions) it is the equivalent of the judgment of July 3, 1942. This nunc pro tunc judgment was entered upon the theory that the original judgment of July 3, 1942 in the consolidated cause had actually been set aside by the order of April 27, 1946 in Cause No. 58,633, but that the verdict of June 20, 1942, had not been set aside and that a nunc pro tunc entry would give appellant the opportunity to move for a new trial and to take an appeal in the consolidated cause, privileges of which she had been deprived by the irregular rendition and entry of the judgment of July 3, 1942.

Under Points 1, 2, 3, & 4, appellant, Mrs. F. W. Bridgman, has assigned error to the entry of the nunc pro tunc judgment.

These points raise the issue that this judgment was absolutely void. Appellant has also assigned error to various proceedings had on the trial of the consolidated cause in June, 1942, presumably on the theory that if the nunc pro tunc judgment was valid then the incidents of this trial were subject to review on this appeal, and we note that the statement of facts and the transcript of the record have been extended so as to include the evidence adduced on the 1942 trial and such parts of the record of the consolidated cause as appellant considered relevant to her various assignments. However, our disposition of appellant's first four points settles this appeal and makes moot all other Points of Error.

We sustain appellant's Points 1, 2, 3, & 4, and hold on the following grounds that the nunc pro tunc judgment was absolutely void.

█ (1) Cause No. 58,633, in which the trial court made the order of April 27, 1946, quoted above, constitutes a suit in the nature of a bill for a new trial, or a "bill of review", in which appellant seeks on various grounds to annul the judgment of July 3, 1942, and to relitigate various issues made in the consolidated cause.

(2) A suit of this character is, in fact, an independent suit and is not an extension of, or a continuation of, or a part of the consolidated cause. The trial court was therefore required to try the merits of this independent suit, No. 58,633, at one hearing and to adjudicate this suit in one final judgment. On the merits, Cause No. 58,633 involved two broad and basic issues, namely, (a) whether W. T. Moore and his vendee should be deprived of, or should retain, the rights vested in Moore by the judgment of July 3 1942, in the consolidated cause, and (b) if they were to be deprived of these rights, then what were the rights of the parties respecting the various matters disputed in the consolidated cause. It was the trial court's duty to hear and adjudicate both of these issues at the same trial; the trial court had no authority to determine Issue (a) at one hearing and to determine Issue (b) at a later hearing. Rule 301. Eddleman v. McGlathery, 74 Tex. 280, 11 S.W. 1100; Taylor, Knapp & Co. v. Fore, 42 Tex. 256;

Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Browning v. Pumphrey, 81 Tex. 163, 16 S.W. 870; Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254; Southern Surety Co. v. Texas Oil Clearing House, Tex.Com.App., 281 S.W. 1045; Green v. Green, Tex.Com.App., 288 S.W. 406; Garza v. Kennedy, Tex.Com.App., 299 S.W. 237; Humphrey v. Harrell, Tex. Com.App., 29 S.W.2d 963; Wear v. McCallum, 119 Tex. 473, 33 S.W.2d 723; Empire Gas & Fuel Co. v. Noble, Tex.Com.App., 36 S.W.2d 451; Winters Mutual Aid Ass'n v. Reddin, Tex.Com.App., 49 S.W.2d 1095; Hermann Hospital Estate v. Nachant, Tex. Civ.App., 55 S.W.2d 505; Texas Employers Ins. Ass'n v. Arnold, Tex.Sup., 88 S.W.2d 473; Hubbard v. Tallal, Tex.Com.App., 92 S.W.2d 1022; Owens v. Foley, 42 Tex. Civ.App. 49, 93 S.W. 1003; Lyon–Taylor Co. v. Johnson, Tex.Civ.App., 147 S.W. 605 (on rehearing); Cooper v. Cooper, Tex. Civ.App., 260 S.W. 679; Barton v. Montex Corporation, Tex.Civ.App., 295 S.W. 950; Bell v. Cobb, Tex.Civ.App., 296 S.W. 976; Squyres v. Rasmussen, Tex.Civ.App., 296 S.W. 977; Halifax Fire Ins. Co. v. Columbian Nat. etc. Agency, Tex.Civ.App., 63 S.W.2d 750; Smith v. Poppe, Tex.Civ. App., 102 S.W.2d 1108.

█ It is to be inferred from appellees' argument and from the trial court's procedure that the trial court entered the nunc pro tunc judgment on the theory that the "bill of review", Cause No. 58,633, gave the trial court jurisdiction to re-open the consolidated cause by vacating the judgment of July 3, 1942, and thereafter to take further action in the consolidated cause. The Supreme Court held to the contrary in Taylor, Knapp & Co. v. Fore, 42 Tex. 256, and the rule announced in that decision has been consistently followed, as the cases cited above show. The following quotation from Overton v. Blum, 50 Tex. 417, at page 423, is a concise statement of the proper practice under such a bill:

"Although the contrary might be inferred from some of the earlier decisions (Gross v. McClaran, 8 Tex. 341, 342; San Antonio v. Lewis, 9 Tex. 69; Goss v. Mc-Claren, 17 Tex. 107, 114, 67 Am.Dec. 646), it must now be regarded as settled that

a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application. (Taylor, Knapp & Co. v. Fore, 42 Tex. 256; Roller v. Wooldridge, 46 Tex. 485). But though a new trial is never granted in terms after the adjournment of the court rendering the judgment, and there can be no such thing as another trial of the case at law after it is once finally decided, it is not to be questioned that when a judgment has been obtained by fraud, mistake, or accident, and without any want of proper diligence on the part of the party against whom it is rendered, the District Court, in the exercise of its, equitable powers, may grant relief by re-examining the case on its merits, and granting such relief as equity and justice may require. * * * 'If Adams in his petition', said this court in the case of Roller v. Wooldridge, 'had stated good, equitable grounds for setting aside the judgment, which was a judgment in an ordinary action at law, the exceptions to it for want of equity should have been overruled, not for the purpose of granting a new trial, but that this suit in equity, as an original proceeding for relief against a judgment at law, might be tried as any other suit seeking equitable relief. The rule here announced was definitely settled by this court in the case of Taylor, Knapp & Co. v. Fore, 42 Tex. 256. If, on the other hand, the equitable grounds set forth in the petition were not sufficient to set aside the judgment, upon its being excepted to and dismissed for want of equity, the judgment would be left standing, to be executed as a valid judgment.' "

We have found no provision in our present Rules of Civil Procedure which would authorize the trial court to formally vacate the judgment of July 3, 1942, in the consolidated cause and re-open that cause on the trial docket for further proceedings intended to result in a final judgment on the merits. The Commission of Appeals held on the first appeal in Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, at page 706. (Hn. 1-4).: "Since no motion for a new trial was filed by petitioner before the expiration of thirty days from the date of the judgment of July 3, 1942, under Rule 330(L), the same became final, and, if not void, could be set aside only by a bill of review." The nature of this bill and the character of relief grantable thereunder has been indicated. In addition to the decisions cited elsewhere in this opinion, see: Ætna Ins. Co. v. Dancer, Tex.Com.App., 215 S.W. 962; Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819; and Ridley v. McCallum, 139 Tex. 540, 163 S.W. 2d 833.

(3) Cause No. 58,633 must therefore be open on the docket of the trial court, pending for trial and adjudication as an entirety—at least so far as appears from the record before us.

The order of April 27, 1946, made in that cause was effective to the extent that it set aside the judgment of February 15, 1946, and granting a new trial in said Cause No. 58,633.

However, this order of April 27, 1946, had no effect beyond the grant of a new trial. It was ineffective and is without any significance on this appeal in so far as it purported to set aside the judgment of July 3, 1942, in the consolidated cause. The order recites that a "new trial" was held but this was only a partial new trial which was limited to appellant's attack upon the judgment of July 3, 1942, rendered in the consolidated cause; and the matters disputed in the consolidated cause were not litigated, although as has been shown, Mrs. Bridgman's petition in Cause No. 58,633 raised at least some of these matters for re-determination. The "new trial" recited in the order thus violated the rule noticed above, requiring the merits of said Cause No. 58,633 to be tried at one hearing and adjudicated in one final judgment. The aforesaid order of April 27, 1946, was therefore not a final judgment and the judgment of July 3, 1942, in the consolidated cause (or rather, the vested right evidenced by that judgment) remained in existence and in effect. Hermann Hospital Estate v. Nachant, Tex.Com.App., 55 S.W.2d 505; Hill v. Lester, Tex.Civ.App., 69 S.W.2d 474; Smith v. Poppe, Tex.Civ.App., 102 S.W.2d 1108; Lyon-Taylor Co. v. Johnson, Tex.Civ.App., 147 S.W. 605. As we under-

stand it, the proper practice requires Cause No. 58,633 to be tried again as an entirety, as was done in Browning v. Pumphrey, 81 Tex. 163, 16 S.W. 870, despite the abortive proceeding of April 27, 1946.

■ (4) Since the judgment of July 3, 1942, in the consolidated cause was not annulled or vacated by the order of April 27, 1946, in Cause No. 58,633, the nunc pro tunc judgment of June 21, 1946, is necessarily void.

The opinion handed down on the first appeal in Bridgman v. Moore, 183 S.W.2d 705, seems to deprive the nunc pro tunc proceedings of any independent effect. It was held by the Commission that the judgment of July 3, 1942, existed and was not void, that it was not subject to collateral attack, that it became final upon the expiration of thirty days from the date of its rendition, that it was not vacated by the subsequent judgment of September, 1942, which was held to be void, and that if Mrs. Bridgman was entitled to relief against enforcement of the judgment of July 3, 1942, she must seek it in an independent suit in the nature of a bill of review.

However, it is also apparent from the aforesaid decision and from the record before us that the hereinbefore mentioned irregularity attending the rendition and entry of the judgment of July 3, 1942, was a judicial mistake, and that this judgment constituted the identical judgment which the trial court intended to enter. We note that the trial court, after initial uncertainty in each instance, has twice adhered to the adjudication made in this judgment, first in September, 1942, and again in June, 1946, on the nunc pro tunc proceedings.

■■ Judicial error attending the rendition of a judgment, as distinguished from error in carrying the judgment into the minutes, can not be corrected by nunc pro tunc proceedings. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 at page 1042: "To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary, as its jurisdiction of the case is at an end." Jones v. Bass, Tex.Com.App., 49 S.W.2d 723; Arrington v. McDaniel, 119 Tex. 148, 25 S.W.2d 295; Missouri Pac. R. Co. v.

Haynes, 82 Tex. 448, 18 S.W. 605; Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819.

The nunc pro tunc judgment of June 21, 1946, can therefore be given no more effect on this appeal than was given the judgment of September, 1942, on the first appeal, for it is supported only by the nunc pro tunc proceedings and by the abortive order of April 27, 1946, in Cause No. 58,633.

(5) Appellees' argument in support of the nunc pro tunc judgment seems to be this: that the judgment of July 3, 1942, in the consolidated cause was actually vacated by the order of April 27, 1946, in Cause No. 58,633 (as we have previously stated); and that the destruction of the judgment of July 3, 1942, did not effect the verdict of June 20, 1942, on which that judgment was entered but left said verdict in existence and left the consolidated cause open for judgment nunc pro tunc after the term under the rule laid down in Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Stewart v. Gibson, Tex.Civ.App., 154 S.W.2d 1002, and similar decisions.

We have disposed of some phases of this argument. It may be said further, that if the order of April 27, 1946, had vacated the judgment of July 3, 1942, then despite the clear intention of the trial court to the contrary the order would apparently have also vacated the verdict of June 20, 1942, and granted a new trial in the consolidated cause under the following decisions: Smith v. Thornton, 119 Tex. 344, 29 S.W.2d 314; Wichita Falls Traction Co. v. Cook, 122 Tex. 446, 60 S.W.2d 764; Schaffer. v. Speckels, Tex.Com.App., 62 S.W.2d 85; Marmion v. Herrin Transp. Co., Tex.Civ. App., 127 S.W.2d 558; Saunders v. Hornsby, Tex.Civ.App., 173 S.W.2d 795.

Appellees refer to Cause No. 58,633 as a bill of review for errors of law, but cite no authority for treating the suit as anything other than an independent suit, subject to the rules previously indicated.

(6) Under the circumstances, and under the following decisions, we take jurisdiction of the appeal for the purpose of declaring void and vacating the judgment from which the appeal was taken: Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Leslie

v. Griffin, Tex.Com.App., 25 S.W.2d 820; Jones v. Bass, Tex.Com.App., 49 S.W.2d 723.

We repeat—that the order of April 27, 1946, granted a new trial in Cause No. 58,-633 and thus threw that suit open for retrial on the merits as an entirety.

The judgment appealed from, being the nunc pro tunc judgment of June 21, 1946, in consolidated cause No. 56,233/56,793, is declared to be void and the same is hereby set aside and vacated.

### On Motion for Rehearing

■ We have fully considered defendants' motion for rehearing and have the following additional comments to make:

(1) Defendants say that the Bill of Review, Cause No. 58633, is barred by limitation and by laches, a point which they made on original hearing but which we did not discuss.

This point would determine the merits of the Bill of Review, and we cannot decide it for the reason that, under our construction of the record, the Bill of Review is pending in the trial court, awaiting trial and the rendition of a final judgment. The judgment from which the appeal before us was taken was rendered in the consolidated cause, not in the Bill of Review.

(2) Defendants would distinguish the case before us from the cases referred to in our opinion by reason of the nature of the irregularity which attended rendition of judgment in the consolidated cause, but we have found no instance in which this distinction has been made, and we cannot agree that under our existing Rules of Procedure, it should be made. We find no authority in Bridgman v. Moore, 183 S.W.2d 705, for the procedure followed in the trial court. As we construe that opinion, the Bill of Review to which the Commission of Appeals referred was the proceeding discussed in our original opinion, and by requiring such a bill, the Commission classified the 1942 judgment in the consolidated cause with the judgments reviewed under Bills of Review considered in decisions which our original opinion cites.

The motion for rehearing is overruled.