**HOWARD et al. v. SENSAT et al.**

**No. 2618.**

Court of Civil Appeals of Texas. El Paso.
Jan. 28, 1932.

Reid & Strickland, of Goose Creek, for appellants.

C. D. Little, of Pelly, for appellee.

HIGGINS, J.

This is a contest over the care, custody, and control of a boy born December 12, 1926. Mrs. Sensat, the appellee and relator, is the child's maternal grandmother. The appellants respondents are C. J. Howard, the child's father, and its paternal grandparents. The mother of the child is dead. The contest was heard by the court without a jury, and the care, custody, and control of the child awarded to Mrs. Sensat.

The authorities in this state uniformly hold, in contests of this nature, that the best interest of the child is the paramount consideration in determining who is entitled to its custody. This is a question of fact primarily to be decided by the trial court. The law recognizes the father as the natural guardian of a motherless child and entitled to its custody so long as he discharges the duty imposed upon him, by nature and law, of protecting and maintaining his offspring. Legate v. Legate, 87 Tex. 248, 28 S. W. 281. And the courts are cautious in taking a child from the custody of a parent and intrusting it to others. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901. But in a proper case will not hesitate to do so. Edwards v. Edwards (Tex. Civ. App.) 288 S. W. 634, reversed upon writ of error (Com. App.) 295 S. W. 581.

With reference to the father the court found:

"That some time prior to the birth of the said child the said C. J. Howard and his wife, Opal Lee Howard, came to live at the home of the relator and that the child was born there and that after the birth of said child they continued to make their home with the relator for some time.

"That on October 30, 1927, when the said child was some nine or ten months of age the said C. J. Howard left his said wife and child at the home of the relator in Goose Creek, Texas, and disappeared without making his destination known to his wife or to anyone else. That shortly after he left Goose Creek the said C. J. Howard wrote two letters to his wife, one from Chicago and one from some point in Wisconsin, and that from that time until December 24, 1930, he did not communicate in any way with his wife and child or with anyone in Goose Creek, and during all of said time kept his whereabouts secret from them; that during said time his said wife and his father and mother, S. C. Howard and wife, Dixie Howard, tried in vain to locate him, among other means trying to locate him by radio broadcast.

"The court further finds that when C. J. Howard left Goose Creek he owed doctor and medical bills incurred on account of the birth of his said child and some other bills for groceries and furniture, which he has never paid. That the said C. J. Howard, is now about 25 years of age; that he has never held regular employment but has worked at intervals for short periods of time; that he has been more or less irresponsible and that he has failed to meet and assume the duties and responsibilities devolving upon him as the father of the said child; that from October 30, 1927, until December 24, 1930, he manifested no interest whatever in the welfare of said child and that he did not contribute to its maintenance and support during said time; that he abandoned said child and left it to the care of others for a period of more than three years.

"The court further finds that on the 22nd day of October, 1929, the said Opal Lee

Howard, mother of said child, was granted a divorce from the said C. J. Howard in the District Court of Harris County, Texas, and that the court awarded the care, custody and control of said child to its mother.

"That the child's mother, Opal Lee Howard, died on or about the 9th day of April, 1930, and that during her last illness she requested her mother, the relator herein, to take the said child as her own and continue with her care, custody and control of him.

"That on the 3rd day of May, 1930, the relator executed an instrument of adoption of the said Jack Lee Howard, made and acknowledged as provided by article 42 of the 1925 Revised Civil Statutes of Texas, and that said instrument was filed of record in the office of the Clerk of the County Court of Harris County on the 14th day of May, 1930.

"The court finds that the relator, Mrs. Mella Sensat, has had the care, custody and control of the said child during all of the time from its birth up to November 25, 1930, with the exception of brief periods at irregular intervals when it was permitted to visit its paternal grandparents, and that during all of said time she furnished it food, clothing, medical attention and such care and attention as the parents might be expected to do."

The evidence abundantly supports these findings, and sustains the view of the court that the welfare of the child will not be best served by confiding its care and custody to the father. The evidence supports the view that the father is either unwilling or incompetent to support himself, and seems to be content to let his aged parents, the other respondents, maintain him. Nor does he seem to have any special interest in this controversy. The contest is really between the relator Mrs. Sensat, the maternal grandmother, and the paternal grandparents and respondents, Mr. and Mrs. Howard. As to the issue between these respondents and Mrs. Sensat, the court found:

"The court further finds that the relator, Mrs. Mella Sensat and her husband, J. W. Sensat, are each about forty or forty-one years of age, and both in good health; that the relator owns property in Goose Creek, Texas, consisting of a new duplex and a garage apartment, of the approximate value of $8,000.00; that they occupy one side of the duplex and that they receive an income from the balance of said property of $160.00 per month; that there is an indebtedness against said property of about $4,000.00 on which the monthly payments are $60.00 per month; that the relator's husband, J. W. Sensat, is now and has been during the past two years regularly employed in the same position from which he receives an income of $175.00, per month; that the relator and her husband are of good moral character and that they stand well and have a good reputation in their community, where they have lived for the last several years.

"The court finds that the respondent S. C. Howard is now 75 years of age and that his wife Mrs. Dixie Howard is 53 years of age; that because of his advanced years Mr. Howard is not strong and that his life expectancy is short; that Mr. Howard is a carpenter by trade; that he has not been regularly employed for a considerable period of time; that he has had a few small contracts during the last year or two and that his income is very limited; that he is in financial straits and has been unable to pay his grocery bills which he has owed for approximately three or four months; that he owns a home in Goose Creek, on which he owes some $1,300.00; that both S. C. Howard and his wife, Dixie Howard, are of good moral character and have a good reputation in the community where they have lived the last several years.

"The court finds that on or about the 25th day of November, 1930, the relator permitted the said child Jack Lee Howard, to visit the home of respondents, S. C. Howard and Dixie Howard, its paternal grandparents, in Goose Creek, and that when she went to get the child the said respondents refused to allow her to take him but forcibly held the child from relator and that said child is now and has been since November 25, 1930, in the possession, custody and control of respondents.

"The Court finds that the relator is much better able financially and physically to care for said child and to support and educate said child than the respondents are able to do and that the child's best interests and future welfare will be best served by awarding its care, custody and control to the relator herein."

The findings are in accord with the evidence, and we concur in the trial court's finding that the child's best interest and future welfare will be best served by awarding its care, custody, and control to Mrs. Sensat.

The judgment is therefore affirmed.