## FRENCH v. HUX et ux.

### No. 1280.

Court of Civil Appeals of Texas. Waco.

Oct. 27, 1932.

Rehearing Denied Nov. 25, 1932.

Richard & A. P. Mays, of Corsicana, for appellant.

Lovett & Lovett, of Corsicana, for appellees.

GALLAGHER, C. J.

This suit was instituted by appellant, J. I. French, in the district court to recover from appellees, J. W. Hux and wife, control and custody of his infant daughter, Ruby Dorothy French. A trial before the court resulted in a judgment that the care, custody, and control of said infant child for the present, and until the further order of the court, be awarded to appellees, J. W. Hux and wife, Lizzie Hux, to be reared, maintained; and educated by them. It was specially provided in said judgment that appellant should at all reasonable times have the right to see and be with said child.

The court subsequently filed findings of fact in support of said judgment. The substance of such findings is contained in the following abridgement: (1) Appellant is the father of Ruby Dorothy French, a girl three years old. Its mother died at its birth and it has resided with its grandparents, appellees herein, all its life. (2) Said child at its birth was sickly and it was doubtful whether it would live. Such condition continued until it was about eighteen months of age, since which time it has had reasonably good health. Appellees have nourished, cared for, and supported it since its birth. (3) Appellees are greatly attached to the child and look upon it and feel toward it as they would their own. (4) Appellant has contributed approximately $100 to the support of said child and the remaining expenses have been borne by appellees. (5) Appellant, after the death of his first wife, the mother of said child, gave and surrendered it to appellees and gave them its custody and possession, together with all his rights thereto, upon the condition and their promise that they would take said child and raise it as their own. Appellant promised in that connection that he would never take said child from appellees and they accepted it on such condition and have had its care and custody all its life. (6) Appellant is an oil well driller and his occupation carries him from one oil field to another as oil is developed, to secure employment. He does not own a home, and since the birth of said child has lived in Wink, Rosebud, Van, Henderson, Kilgore, and Longview, Tex. (7) He is a man of good character and is a proper person to have the care and custody of his child and financially able to maintain the same. He has married again and is living with his wife. No children have been born of such marriage. (8) Appellees are substantial tenant farmers and have resided in the Eureka community in Navarro county, Tex., for about twenty-five years. They are of good moral character and financially able to support and maintain said child and are in all things proper persons to have its care and custody. (9) On account of the age and sex of said child, appellees' attachment to it, and their understanding of its condition by virtue of having had possession of it all its life, it is to its

best interests that it remain with appellees; they being better fitted to care for it.

The court further, at the request of appellant, made additional findings, in substance, that said child has never been adopted by appellees and appellant has never released his rights to them in writing, and that his present wife is qualified to assist him in rearing and educating said child and is anxious to do so.

### Opinion.

Appellant contends that the finding of the court that he at the birth of his said child surrendered it, with all his rights thereto, to appellees, and promised never to take it from them upon their agreement that they would take it and raise it as their own, was immaterial and should not be considered in determining his right to recover the custody of said child, because the same was not in writing and duly acknowledged. The Supreme Court, in Legate v. Legate, 87 Tex. 248, 252, 28 S. W. 281, 282, held contrary to said contention. We quote therefrom as follows: "Where, however, a parent, by writing *or otherwise*, has voluntarily transferred and delivered his minor child into the custody and under the control of another, as in the case at bar, and then seeks to recover possession of the child by writ of habeas corpus, such parent is invoking the exercise of the equitable discretion of the court to disrupt private domestic relations which he has voluntarily brought about, and the court will not grant the relief unless, upon a hearing of all the facts, it is of opinion that the best interest of the child would be promoted thereby. [Italics ours.] * * * The law does not prohibit such a transfer, but on the contrary allows the child to reap the benefit thereof when it is to its interest so to do." Said authority was cited and quoted by the Commission of Appeals in Davis v. Sears, 35 S.W.(2d) 99, 102, par. 6. See, also, Duckworth v. Thompson (Tex. Com. App.) 37 S.W.(2d) 731, 733, pars. 1 and 2; Id. (Tex. Civ. App.) 22 S. W.(2d) 528, 530, pars. 1 and 2.

Appellant contends that said finding of the court was immaterial and should not be considered in determining his right to recover the custody of said child, because appellees have not formally adopted the same as their heir in the manner prescribed by our Revised Statutes (articles 42 to 46, inclusive). Said child, being the only surviving issue of its mother, was by virtue of such fact an heir at law of appellees and a formal adoption would not have conferred any further or greater right of inheritance.

Appellant assails the sufficiency of the evidence to sustain the finding of the court that the best interests of said child require that it remain for the present, and until otherwise ordered by the court, in the control and custody of appellees. The other findings of the court above recited are amply supported by evidence. The other facts in evidence not specifically embraced within such findings are in harmony therewith. Without reciting the testimony, we think the same as a whole sufficiently sustains the finding so assailed. While there is a presumption that the best interests of the child will be subserved by awarding it to the natural parent, such presumption is rebuttable, and in cases such as this the issue must be determined from a consideration of the evidence as a whole. The question of whether the home of appellant or the home of appellees will best promote the interests of said child is one of fact. The authority and discretion to weigh the testimony and to determine this issue is vested in the trial court, and its judgment will not be disturbed unless it is so contrary to the great preponderance of the testimony as to reveal an abuse of that discretion. Taylor v. Taylor (Tex. Civ. App.) 42 S.W.(2d) 455, 456, and authorities there cited; Davis v. Sears (Tex. Com. App.) supra, 35 S.W.(2d) page 103, pars. 11 and 12, and authorities there cited; Duckworth v. Thompson (Tex. Com. App.) supra, 37 S.W.(2d) page 735; Howard v. Sensat (Tex. Civ. App.) 45 S.W.(2d) 1023, par. 2; Schneider v. Schwabe (Tex. Civ. App.) 143 S. W. 265, 266, par. 2 (writ refused); Joseph v. Puryear (Tex. Civ. App.) 273 S. W. 974, 975, par. 1; Stout v. Myers (Tex. Civ. App.) 242 S. W. 1109, 1111, par. 5; Fasel v. Gunning (Tex. Civ. App.) 249 S. W. 875, 877, par. 4. We find no such abuse in this case. The judgment herein, out of consideration for the continued welfare of said child, may be modified or set aside in proper proceedings instituted for such purpose when it is affirmatively shown that conditions and circumstances existing at the time the same was rendered have materially changed, and that the welfare of the child will be conserved by changing the terms of such judgment or setting it aside entirely. Such revision is in effect provided for by the terms thereof. Hardy v. McCulloch (Tex. Civ. App.) 286 S. W. 629, 632, par. 6 (writ refused) and authorities there cited; Jones v. Warren (Tex. Civ. App.) 300 S. W. 146, 148, par. 2.

The judgment of the trial court is affirmed.