### FEY et ux. v. WOODS et al.
### No. 14145.

Court of Civil Appeals of Texas. Dallas..
Jan. 6, 1950.

Rehearing Denied Jan. 27, 1950.

Earl R. Parker, of Dallas, for appellants.
Leland M. Johnson, John E. V. Jasper,
Fowler Roberts, all of Dallas, for appellees.

CRAMER, Justice.

This is an appeal in a bill of review proceeding to set aside an adoption and to deny the adoption. It appears from the statement of facts that on June 20, 1947, a petition was filed to declare Claudia Jean Butler, then about twenty months old, a dependent and neglected child, alleging that the mother, at that time, was confined in the State penitentiary and the father in the Federal penitentiary; that the party in whose custody the child was then placed had a bad reputation and was not a proper person to have such custody. Proper notice was issued and served on the mother in Walker County, Texas. The child was declared dependent and neglected, and made a ward of the court by judgment dated August 19, 1947, and custody placed in the Chief Probation Officer of Dallas County. The Chief Probation Officer placed Claudia in the prospective adoptive home of appellees on March 19, 1948. Attorneys for appellees filed a petition to adopt the child June 29, 1948. On the same day, appellee Dorothy Lou Butler called the juvenile officer and asked for information about the child and was informed that the child had been declared dependent and neglected, and had been placed for adoption. Later, the attorney for appellees called the juvenile office and advised them that he would file a bill of review in the dependency proceeding. The juvenile officer advised the attorney that the adoption had not then been finally consummated. On July 22, 1948, the mother filed suit to set aside the judgment declaring Claudia dependent and neglected child, and, in the alternative, for custody. Thereafter the juvenile department received an order to make the investigation required in adoption cases. In August 1948, the mother of the child was divorced from Charles Butler; in September 1948, she was married to her present husband, William H. Woods. During August, on a court order in the bill of review in the dependency case, the child Claudia was brought to the office of the Chief Juvenile Officer, and there the mother, in company with her sister, visited the child. On the 18th day of October the Chief Juvenile Officer, through an assistant, made a report of the

investigation (which report made no mention of the notice to the juvenile officer by the attorney for appellee Dorothy Lou Butler, mother of the child, that such mother was seeking to set aside the dependency judgment). On the same day Sam Davis filed his written consent to the adoption of the child by appellants. On the next day, October 19, judgment was entered permitting the adoption by appellants and changing the child's name. The petition in the adoption proceeding did not specifically name the child, but described it as being the child declared dependent and neglected in Cause No. 11926, styled Ex parte Claudia Jean Butler, in the 68th District Court of Dallas County, Texas. The child's name was set out three times in the adoption investigation report, but the judgment merely referred to the report and stated "in which said report the name of the child sought to be adopted is fully set out."

In November 1948, when the bill of review in the dependency proceeding was set for trial, appellees learned for the first time that the adoption proceeding had been terminated by final judgment,—in which appellants adopted the child. This bill of review proceeding to set aside the adoption judgment was then filed on December 6, 1948, attacking such judgment as void. The prayer was "that said judgment of adoption be held void and be set aside, and that plaintiffs have judgment for their costs, and for general relief."

The defendants Fey answered in detail and prayed "that plaintiffs take nothing by their cause of action; that the rights of said child be in nowise disturbed; that said adoption be in all things held to be valid; and, in the alternative, should said judgment be held to be defective in any wise, that said defendants be granted leave to adopt said child at this time; that the custody of said child be awarded to defendants Fey, for costs * * *" etc.

Sam Davis, Chief Juvenile Officer, answered by plea to the jurisdiction, numerous exceptions, general denial, and that "the best interest and welfare of said minor child, Claudia Jean Butler, will be served

by denying to plaintiffs herein any of the relief sought in this cause of action." And prayed that the dependency decree and the adoption proceedings be held valid.

The court in her findings of fact found, in substance, as we have recited the facts in this opinion. On June 22, 1949, the court entered judgment, omitting formal parts, "that the judgment of adoption entered by this court on the 19 day of October, 1948, in favor of the defendants herein, Lloyd Gale Fey and Nita Camille Fey in cause No. 24174-E, entitled 'Ex parte Lloyd Gale Fey and Nita Camille Fey,' should be set aside and held for nought, and it is accordingly ordered, adjudged and decreed that said judgment be, and it is hereby set aside and held for nought; and the issue of whether a judgment of adoption of Claudia Jean Butler should be granted Lloyd Gale Fey and Nita Camille Fey, or should be denied, is taken under advisement. Defendants except. Costs taxed against the defendants. Defendants give notice of appeal to the Fifth Supreme Judicial District of Texas, sitting at Dallas."

On July 6, 1949, the motion of the Feys to take a nonsuit on the cross-action to adopt the minor child was sustained. The appeal bond was filed on June 24, 1949.

■ It is unnecessary for us to pass on the specific assignments, since we are of the opinion that the judgment entered by the trial court was not a final judgment. All the judgment of June 22, 1949 did was to set aside the October 19, 1948 judgment. No findings of fact were made and the court did not retry the issues as to the original adoption; and the judgment did not deny or grant the adoption as of the time the original adoption judgment was entered. The question raised by the cross-action of a new adoption at the time of the hearing of the bill of review was nonsuited.

■ Under this record, it was the duty of the court, not only to hear all of the evidence with reference to whether the appellees here were deprived of their right to appear and present evidence in the adoption proceeding and seek custody

therein of the child, but, in addition thereto, to hear evidence as to whether, if appellees had been present, they would have been able to prevent the adoption and themselves secure a judgment for custody of the child as of that time. This is a settled law of this State. In Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963, at page 964, in an opinion by Judge Sharp, then a Commissioner, the Commission of Appeals, in a judgment adopted by the Supreme Court, held as follows: "It has long been the settled rule in this state that the trial court is without power to grant a new trial after the expiration of the term at which the judgment assailed is rendered. The law has provided rules for new trials at the term at which a judgment is rendered, and if a party has not availed himself of his legal remedy in a manner prescribed by law, it is lost. However, if it can be shown under certain circumstances where there has been fraud, accident, or mistake, and a person has been deprived of his rights through no fault of his own, courts of equity in the due exercise of their discretionary powers may grant relief by retrying the case upon its merits, and the former judgment may be set aside and such relief will be granted as is appropriate and warranted by pleading and proof on the entire case. (Citing authorities.) The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding." (Citing authorities.)

■ In Hermann Hospital Estate v. Nachant, Tex.Com.App., 55 S.W.2d 505, 506, in an opinion by Judge Critz, then a Commissioner, wherein the holdings as well as the judgment recommended by the Commission of Appeals was approved by the Supreme Court, the Humphrey case, supra, was approved in the following language: "The remedy by bill of review has been provided to review judgments after the expiration of the term at which they were rendered only in cases where litigants, through no fault of their own, have been deprived of valid defenses or meritorious causes of action by fraud, accident, or mistake. By this proceeding a trial court may exercise its discretionary equity powers and grant relief by trying the entire bill in one proceeding or trial, wherein the right to set aside the former judgment and the issues of meritorious cause of action or defense are disposed of in one final judgment. In other words, a bill of review is an independent suit filed in a court of competent jurisdiction, and cannot be disposed of in sections by trying the issue of setting aside the original judgment in one proceeding or trial and the issue of meritorious cause of action or defense in another such proceeding or trial. There must be but one trial and one judgment. Humphrey v. Harrell, supra. We here refer to Judge Sharp's opinion in the Humphrey Case, supra, for full discussion and citation of authorities regarding the question above discussed."

See, also, Buffaloe v. Buffaloe, Tex.Civ. App., 210 S.W.2d 429 (Syl. 2), by this Court.

This appeal must be dismissed for want of jurisdiction for the reason that the judgment of June 22, 1949 is void because all issues were not heard and disposed of prior to the entry of the same; see Bridgman v. Moore, Tex.Civ.App., (error ref. n. r. e.), 206 S.W.2d 871. And, further, the judgment of June 22, even when considered together with the judgment of July 6, 1949, is not a final judgment.

■ The appeal bond being filed prior to the nonsuit is immaterial, since a prematurely filed appeal bond would bring up the entire matter. Rule 306c, effective February 1, 1946.

Dismissed for want of jurisdiction.