FEY et ux. v. WOODS et al.

No. 14209.

Court of Civil Appeals of Texas.
Dallas.

April 21, 1950.

Rehearing Denied May 12, 1950.

Earl R. Parker and Gene Bailey, Dallas, for appellants.

John E. V. Jasper, Leland M. Johnson and Fowler Roberts, Dallas, for appellees.

CRAMER, Justice.

This is a companion case to Fey v. Woods, Tex.Civ.App., 226 S.W.2d 918. Appellees, Dorothy Lou Woods and husband, instituted this suit against S. M. Davis, Chief Juvenile Officer of Dallas County, to review and set aside a former final judgment declaring Claudia Jean Butler, a minor, a dependent and neglected child, making her a ward of the court and placing her in the custody of the Chief Juvenile Officer; and, in the alternative, if the minor child be found to be no longer dependent, for custody of the child and for general and special relief. The juvenile officer answered generally, and also specifically pled affirmative facts which, if true, constituted a defense to the case, and also asserted that since the dependency judgment was entered, the child had been regularly adopted, through a valid final judgment, by Lloyd Gale Fey and wife (appellants), and other special defenses. The Feys intervened, filed an answer which among other matters set up their adoption of the child. The case was tried before a jury and, after appellees had abandoned their count for bill of review by not requesting issues thereon, the jury answered the two special issues submitted to them: First, that the grounds of dependency, as they existed at the time of the entry of the dependency judgment, had been removed; and, second, that it would be to the best interest of the child that she be placed in the custody of her mother, Dorothy Lou Woods. On September 29, 1949, the trial court entered judgment declaring the child no longer dependent and awarded her custody to appellees. That judgment was superseded, and the Feys have duly perfected this appeal.

The parties to this proceeding, except Davis, were heretofore before this Court in Fey v. Woods, supra, to review the adoption judgment, and reference is made to that opinion. Facts there stated will not be repeated.

Appellants assign six points of error, in substance complaining (1) of the overruling of their motion to dismiss Woods' alternative plea asserting that the grounds of dependency had been removed; (2) in trying the case on the theory that the judgment in the original dependency proceeding could be set aside, after the adoption, if the grounds of dependency had been removed; and also (3) on the theory that if the grounds of dependency had been removed the trial court could change the custody of the child; (4) in overruling their motion for instructed verdict because no proof of their unfitness as adoptive parents was offered; (5) in overruling their motion for judgment n. o. v.; and (6) in excluding the testimony of a witness at the

former trial which attacked the credibility of appellee Dorothy Lou Woods.

At the outset we are confronted with the fact that the adoption judgment upon which the defense in the trial court was predicated, is nowhere in the statement of facts in this record. Such judgment, however, is in the record of our cause No. 14,145, Fey v. Woods, supra, which was tried before the 14th District Court, the court from which this appeal was taken. Under such circumstances the trial court and this Court will judicially notice such judgment of adoption. In Griffith v. Tipps, Tex.Civ.App., 69 S.W. 2d 846, 849, Justice Looney, of this Court, stated the rule as follows: "Our appellate courts have lengthened the rule of judicial knowledge to permit cognizance of the record of other appealed cases involving the same subject-matter between same parties, and even in circumstances where the parties were not altogether identical." Justice Talbot, also of this Court, in Edgar v. McDonald, Tex.Civ.App., 106 S.W. 1135, 1137, stated: "These are all matters appearing by the records and judgments of this court, and of which we take judicial cognizance, and leave nothing to be litigated and determined in this suit that would authorize the relief sought."

The adoption judgment is regular, as was the adoption proceeding; and was based on consent of S. M. Davis, in whose custody the child had been placed by the terms of the final judgment in the original dependency proceeding. Dorothy Lou Woods was duly served with proper process in the original dependency proceeding. Under such circumstances the rights of the mother to the custody of the child terminated by the dependency judgment and the adoption proceedings. In DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, 694, our Supreme Court hold as follows: "The plaintiffs contend that since they were admittedly the natural parents of the child, and since the trial court found that they were suitable persons to have the custody of the child, they were, as a matter of law, entitled to its custody. The holding of this Court in the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, seems to justify that contention. However, since the rendition of that decision in 1900 the Legislature has by positive enactment, we think, changed the public policy of this State in this respect. Article 2337 provides that in a case where a child has been adjudged to be dependent and neglected, the parents shall thereafter have no right over, or to the custody of, the child, except upon such conditions as may be ordered by the court. Article 2335 provides that when such a child has been turned over to a person or institution in a dependency proceeding, such person or institution shall have the right to the custody thereof. Article 46a, Vernon's Ann. Civ.St., Acts 1931, 42nd Leg., p. 300, c. 177, provides for judgment authorizing the adoption of children. Section 6 thereof provides in part as follows: 'Consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other Court of Competent Jurisdiction; provided, however, that in such cases adoption shall be permitted only on consent of the Superintendent of the Home or School, or of the individual to whom the care, custody or guardianship of such child has been transferred by a Juvenile Court or other Court of Competent Jurisdiction.' Section 9 of said Act provides 'When a child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease * * *. Said child shall thereafter be deemed and held to be, for every purpose, the child of its parent or parents, by adoption as fully as though born to them in lawful wedlock. * * * Said parent or parents by adoption shall be entitled to the * * * custody and company of said adopted child. * * *.' Section 7 of the same Act provides as follows: 'Nothing in this Act shall prevent a Court of Competent Jurisdiction from taking away from such adoptive parent the custody of the adopted child and awarding the same to its natural parents, or either of them or to any other person, upon proof of the bad moral character of

such adoptive parent, or upon proof of abuse, neglect or ill treatment of such adopted child by the adoptive parent.' "

Applying the law as laid down by our Supreme Court, the trial court was in error in the submission of this case to the jury; and erred in setting aside the judgment in the dependency proceeding changing the custody of the child as it did, with the adoption judgment still in full force and effect. Before the custody of the child here can be changed from the Feys, the showing required by the statute, as interpreted by our Supreme Court in DeWitt v. Brooks, supra, must be made. Appellants' points 1 to 5, inclusive, are well taken and are sustained; and since the case has been fully developed, the judgment below is reversed and here rendered for appellants.