Grace Lucille THOMSON et al., Appellants,

v.

Dorothy Edna HARRELL et vir., Appellees.

No. 12740.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 29, 1954.

Leonard Brown, San Antonio, for appellants.

Thompson & Thompson and Claud J. Carter, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Dorothy Edna Harrell, joined pro forma by her husband, James T. Harrell, who reside in Wyandotte, Kansas, against Grace Lucille Thomson and her husband, P. B. Thomson, who reside in Bexar County, Texas, and Ella Dillon and her husband, Charles Vernon Dillon, who reside in Reno County, Kansas, seeking to set aside two judgments of adoption rendered in the District Court of Bexar County, Texas; the first judgment being dated July 21, 1944, and the second, August 24, 1946. The minor child, who was the subject of both judgments of adoption, was Ramona Colleen Gilbert, daughter of Dorothy Edna Harrell, formerly Mrs. G. L. Gilbert.

The trial was before the court without the intervention of a jury and judgment was rendered setting aside the two judgments of adoption and awarding the custody of the minor Ramona Colleen Gilbert to Dorothy Edna Harrell, from which judgment Grace Lucille Thomson, P. B. Thomson and Ella Dillon have prosecuted this appeal.

The facts of the case are fairly stated in appellants' brief, which we here adopt:

"The child, Ramona, a girl, now age about 13 years, was born in Bakersfield, California, June 3, 1941. The mother of said child, the appellee herein, Mrs. Dorothy Edna Harrell, at that time was married to G. L. Gilbert, and they had three children, Bonnie Mae Gilbert, a girl, Joseph Lee Gilbert, a boy, and Ramona Colleen Gilbert. About the year 1942, the appellee, now Mrs. Harrell, left her husband in California, and with her three children, Bonnie Mae, then 4 years old, Joseph Lee, then 2 years, and Ramona Colleen, then 11 months old, and went to Sedalia, Missouri, stayed there about a month, then her husband came where she was and they went to Celt, Missouri, her husband stayed with her about a week, then returned to California, continued to send money to her for the support of herself and children for about seven months, and then suddenly quit. She stayed in Celt until about November, 1942, and then she went to Springfield, Missouri where she obtained a position, paid a woman to look after her three children, remained there for about seven months, then came to San Antonio about June, 1943, to get some co-operation from her relatives, as she stated, to help her make a home for the children. When she arrived in San Antonio she stayed with her sister, Mrs. Phillips, for about a month, and then she took her three children to appellant Mrs. Grace Lucille Thomson, told her that she wanted to go to California to see if she could not effect a reconciliation with her husband, left her three children with Mrs. Thomson and left for California. She claimed that she received one letter, which she had lost, from her sister, Mrs. Thomson, while in California, and wrote her once. Mrs. Thomson denied this. She remained in California about six months, never sent Mrs. Thomson any money, claiming that Mrs. Thomson did not want any, knew that Mrs. Thomson had two children of her own, and that she had taken in some other children. She claims that when she arrived in San Antonio, she tried to get Mrs. Thomson to turn over the two children to her, that she had only two at that time as the oldest child had gone to Hutchinson, Kansas, and that Mrs. Thomson did turn this boy over to her. She testified that she went to work at that time, trying to make a home for her children, then decided to go back to Missouri, which was in 1944, and has been there since. She admitted that upon her return from California, she consulted a lawyer, Judge Hoyo, was asked the question if she did not know of the dependency proceeding and answered such question by saying that she did not know of any adoption. The record shows that a dependency proceeding was instituted by appellants, Thomson and wife, seeking to have the minor child involved in this suit and two other children declared dependent children and a judgment was entered in the 57th District Court of Bexar County, Texas, on the 3rd day of September, 1943, the number of this cause being F–14452, the order merely providing that after having heard the pleadings read and evidence, that the court found that the three children involved in said dependency proceeding were children under sixteen years of age and were 'dependent' and 'neglected' children, and that the residence of the parents was unknown, and then awarded the complete care, control and custody of Bonnie Mae Gilbert to her aunt, Mrs. Clyde Dillon, who then resided in Bexar County, Texas, and the complete care and custody of Joseph Lee Gilbert and Ramona Colleen Gilbert to their aunt and uncle, Grace Lucille Thomson and P. B. Thomson. On the 31st day of July, 1944, the application of Grace Lucille Thomson and husband for the adoption of the child, Ramona, was granted, and on the 24th day of August, 1946, the child, Ramona, was adopted by Ella Dillon and husband Charlie Vernon Dillon, and no effort was made by the

plaintiff, Dorothy Harrell, to file any proceedings to set aside said judgments until the 23rd day of April, 1952, when this suit was filed, although on the 8th day of November, 1951, she did file a suit against Ella Dillon, in the District Court of Reno County, Kansas, for the possession of said child, and which suit has been dismissed. A simple calculation shows that the suit was filed 8 years, 7 months, and 20 days after the judgment was rendered in the cause adjudging Ramona to be a dependent child and awarding the custody to Mr. and Mrs. Thomson, and seven years, and about 9 months from the 31st day of July, 1944, when Ramona was adopted by the Thomsons, and 5 years and about ten months from the time Ramona was adopted by the Dillons."

■ At the outset of this case we are confronted with the fact that in 1943 a judgment of the District Court of Bexar County was entered, under the provisions of Articles 2330 to 2337, declaring Ramona Colleen Gilbert to be a dependent and neglected child. This judgment has never been set aside and there is no prayer in the petition of appellant for such action at this time. The effect of this judgment, which is quasi in rem, was to sever all rights of the parents in the child, art. 2337, supra, and thereafter it was not necessary to secure appellee's permission for an adoption of the child. Art. 46a, § 6, Vernon's Ann.Civ.Stats. Before appellee would have any right to set aside the two judgments of adoption on the ground that she had not given her written consent thereto, it would first be necessary to set aside the judgment declaring her daughter to be a dependent and neglected child. Humphrey v. Harrell, Tex.Com. App., 29 S.W.2d 963; Fey v. Woods, Tex. Civ.App., 226 S.W.2d 918; Fey v. Woods, Tex.Civ.App., 229 S.W.2d 923. This judgment was rendered on September 3, 1943. The record shows that in the fall of 1943 Mrs. Harrell was in San Antonio and was

denied the right to take her children, whereupon she consulted an attorney, John Hoyo, Esq., who investigated the matter for her and informed her that the court had made her children wards of the court. This was sufficient information to put her on notice that her children had been declared dependent children, and her failure for eight years thereafter to take any action to have this judgment set aside, now bars her from any such action. If she did not fully understand the whole proceeding, no doubt the lawyer she consulted did understand it and could have fully informed her, if she had asked him to do so. Smith v. Lightfoot, Tex.Civ.App., 143 S.W. 2d 151; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Smith v. Southern Pine Lumber Co., Tex.Civ.App., 256 S.W.2d 893; 2 C.J.S., Adoption of Children, § 47, page 437.

It is true that Section 6 of Article 46a, Vernon's Ann.Civ.Stats., provides that no adoption shall be permitted except with the written consent of the living parents of a child, but such section further provides that consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other Court of competent jurisdiction; provided, however, that in such cases adoption shall be permitted only on consent of the superintendent of the home or school, or of the individual to whom the care, custody, or guardianship of such child has been transferred by a Juvenile Court or other Court of competent jurisdiction.

Article 2337, Vernon's Ann.Civ.Stats., provides in part as follows:

"In case any child is adjudged to be dependent or neglected under this title then such parents or guardian shall thereafter have no right over or to the custody, services or earnings of said child except upon such conditions in the interest of such child as the Court may impose, or where, upon proper proceedings, such child may lawfully be restored to the parents or guardian."

■ So long as this judgment declaring the child to be a dependent child stands, it would not be necessary to have the consent of the parents to any adoption. Before appellee could complain that she was not given notice of the adoption proceedings it would first be necessary for her to set aside this judgment severing her rights with reference to the child here involved. This she could do by proper pleadings, and showing that at the time the dependency proceedings were had she had not abandoned her children. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687; Barnes v. Raymer, Tex.Civ.App., 214 S.W. 2d 341.

■ Under the provisions of Article 2332, Vernon's Ann.Civ.Stats., it was not necessary to serve a citation upon appellant or her then husband, because the evidence is conclusive that they were not in Bexar County at the time the dependency suit was instituted.

■ There is no requirement under Article 2330, Vernon's Ann.Civ.Stats., that a child must be abandoned for two years or any other period of time. It is sufficient if the child is dependent upon the public for support, or is destitute, homeless or abandoned, at the time the suit is instituted.

There is no contention that appellant Mrs. Dillon is not a fit person to have the custody of the minor child. The record shows that she has cared for this child since it was two years of age and that it is now thirteen years of age. The child has never known any other mother than Mrs. Dillon, and there is nothing to indicate that the welfare of the child requires that its custody be changed from that of appellant.

■ The fact that appellee has waited some eight years after she knew or should have known of the dependency proceeding, before bringing any suit to recover the custody of her daughter precludes her from now doing so. During this eight-year

period she knew that her child was being held by others under a claim of right.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.