**Librado GARCIA et ux., et al., Appellants,**

v.

**Agripina Gutierrez de ENRIQUEZ et vir, et al., Appellees.**

No. 13339.

Court of Civil Appeals of Texas.

San Antonio.

May 28, 1958.

Rehearing Denied June 18, 1958.

Garcia & Warburton, Brownsville, for appellant.

C. T. Mortensen, Abel Toscano, Jr., Harlingen, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from a judgment of the 107th District Court of Cameron County, Texas, refusing to set aside the adoption of Ana Maria Garcia, a minor, by Telesforo Garcia and Agripina G. de Garcia, and further refusing to take the custody of said minor from Agripina G. de Enriquez (Telesforo Garcia having died and Agripina having thereafter married Federico Enriquez), and award such custody to Librado Garcia and Eloisa Garcia, the minor's natural parents.

This suit to set aside the adoption and change the custody of the minor was instituted by the natural parents and others about nine years after the adoption. The first question to be decided is whether plaintiffs are barred by reason of laches and stale demands from maintaining this suit. The natural parents consented to the adoption of the child and had known the facts surrounding her adoption for some nine years. The mother, Eloisa, was a sister to Telesforo, and the child was delivered to the foster parents when it was a few minutes old and has never known any other parents.

Appellants contend that they are not barred by laches because the judgment is absolutely void and may be attacked at any time and at any place. They base their contention that the judgment is absolutely void upon the contention that Agripina was not the wife of Telesforo at the time of the adoption, as Telesforo had never been legally divorced from his former wife, Atanacia Garcia, and, therefore, was not joined by his legal wife in the adoption. Regardless of whether or not Agripina and Telesforo were married, they alleged in the adoption proceedings that they were husband and wife, and both joined in the application for adoption.

 Art. 46a, Sec. 1, Vernon's Ann. Civ.Stats., after giving to the district court jurisdiction in adoption cases, goes further and provides: "But no such petition made by a married person shall be granted unless the husband and wife shall join therein, (then follows an exception not here applicable)." Thus it will be seen that the joinder of the spouses is jurisdictional where a married person is petitioning for an adoption. In the adoption proceedings here, the petition shows upon its face that the spouses joined in the adoption. Under such circumstances the judgment of adoption would not be void, but at most voidable. Under the statutes of limitation, a suit to set aside such a judgment would have to be brought within four years. Art. 5529, Vernon's Ann.Civ.Stats.

 Here the parties waited for nine long years to bring this suit to set aside the adoption. The child is now nine years old and has never known any mother other than Agripina, and it has a good home with Agripina and her present husband, Federico Enriquez. Telesforo Garcia is dead and the minor, Ana Maria Garcia, is entitled to inherit from him unless the adoption is set aside. Apparently, the appellants have known during these nine years, all of the facts they now know concerning the marriage of Agripina and Telesforo Garcia. Under such circumstances their suit to set aside the adoption is barred by laches and stale demands. Thomson v. Harrell, Tex.Civ.App., 271 S.W.2d 724.

 The record supports the finding of the trial court that the best interest of the child is served by leaving her in the custody of Agripina G. de Enriquez and her husband, Federico Enriquez.

The judgment of the trial court is affirmed.